**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-6797

DONALD L. HOLLABAUGH,

Plaintiff - Appellee,

v.

LEROY CARTLEDGE, Warden, McCormick Correctional Institution;
SCOTT LEWIS, Associate Warden of Operations, McCormick
Correctional Institution,

Defendants - Appellants,

and

WILLIAM BYERS, Agency Director, South Carolina Department of
Corrections; ROBERT E. WARD, Deputy Director of Operations,
South Carolina Department of Corrections; LIEUTENANT AIKEN,
McCormick Correctional Institution; OFFICER HARRIS,
McCormick Correctional Institution; OFFICERS JANE DOE,
McCormick Correctional Institution, in their individual and
official capacities; OFFICERS JOHN DOE, McCormick
Correctional Institution, in their individual and official
capacities,

Defendants.

Appeal from the United States District Court for the District of
South Carolina, at Beaufort. Bruce H. Hendricks, District
Judge. (9:14-cv-01324-BHH)

Submitted: February 28, 2017       Decided: March 21, 2017

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

_____

Steven Michael Pruitt, MCDONALD, PATRICK, POSTON, HEMPHILL & ROPER, LLC, Greenwood, South Carolina, for Appellants.  Cameron Marshall, CAMERON L. MARSHALL, LLC, Charleston, South Carolina; V. Brian Bevon, BEVON LAW FIRM LLC, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In July 2012, Donald L. Hollabaugh, a South Carolina inmate, was assaulted by two other inmates. Hollabaugh filed the underlying 42 U.S.C. § 1983 (2012) action alleging that prison officials displayed deliberate indifference by failing to protect him and violated his right to substantive due process under the Fourteenth Amendment. Both parties moved for summary judgment; Defendants Cartledge and Lewis specifically invoked the defense of qualified immunity. The district court, accepting the recommendation of the magistrate judge, denied both parties' motions for summary judgment on the deliberate indifference claim and denied Defendants' motion for summary judgment based on qualified immunity. Defendants appeal, arguing that the district court erred in denying summary judgment on their qualified immunity defense.

This court may exercise jurisdiction only over final decisions, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders. 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Although interlocutory orders generally are not appealable, an order denying a defendant's claim of qualified

3

immunity is immediately appealable under the collateral order doctrine "to the extent that it turns on an issue of law." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Iko v. Shreve, 535 F.3d 225, 234 (4th Cir. 2008). However, a district court's determination that a genuine issue of material fact exists that precludes summary judgment on qualified immunity grounds is not immediately appealable. Johnson v. Jones, 515 U.S. 304, 313-20 (1995); Culosi v. Bullock, 596 F.3d 195, 201 (4th Cir. 2010). Thus, this court has "no jurisdiction over a claim that a plaintiff has not presented enough evidence to prove that the plaintiff's version of the events actually occurred, but [the court has] jurisdiction over a claim that there was no violation of clearly established law accepting the facts as the district court viewed them." Winfield v. Bass, 106 F.3d 525, 530 (4th Cir. 1997) (en banc).

In this case, the district court denied qualified immunity to Defendants at the summary judgment stage finding that there was a genuine issue of fact as to whether they had direct knowledge, or created a policy or practice exercised by their subordinates sufficient to create an inference, that a substantial risk of harm existed and that they were deliberately indifferent to that substantial risk of serious harm. Because the qualified immunity determination in this matter ultimately turns on presently unresolved questions of fact rather than on

4

an evaluation of the legal significance of undisputed facts, we do not possess jurisdiction over this appeal. Therefore, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED
